| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>Ato H. Sparkman<br>101 Burchard Avenue<br>East Orange, New Jersey 07017<br>Tel: 973-698-5320<br>*"Debtor – Pro Se"* |
| In Re:<br><br>Ato Hakim Sparkman<br><br>            Debtor |

Case No.: 19-18669-VFP

Chapter 13

Judge: Hon. Vincent F. Papalia

## OBJECTION TO NELNET PROOF OF CLAIM ON BEHALF OF NEW JERSEY HIGHER EDUCATION ASSISTANCE AUTHORITY

Ato Hakim Sparkman, states as follows in objection to Proof of Claim #1-1:

1. I am the Debtor in the instant case and commenced this action by filing a Chapter 13 petition on April 30, 2019.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(1).

3. NELNET has allegedly filed a proof of claim #1-1 on behalf of New Jersey Higher Education Assistance Authority (NJHESSA), a copy of which is annexed hereto as "Exhibit A".

4. Debtor herein files this objection to proof of claim, and the proof of claim is objected to for the following reasons:

    I. Pursuant to FRBP 3001(b), Uniform Commercial Code (UCC) 3-501(b)(b)(ii), and New Jersey Statute (NJSA) 12A:3-501(b)(2) the alleged agent of the submitted promissory note, NELNET, has failed to give reasonable evidence of its authority to make presentment on behalf of alleged creditor NJHESSA.

II. The alleged document evidencing debt does not indicate a promise to pay any amount to NJHESSA, which includes the basic terms of any promissory agreement (i.e. original principal, interest rate, term, an indorsement of maker, etc.).

III. Amount of claim appears arbitrary and unsubstantiated.

IV. If NELNET or NJHESSA was in fact in possession of a promissory note evidencing an agreement with Debtor to borrow money from NJHESSA, the document was not included with the claim nor a statement alleging that it was lost or destroyed.

V. Pursuant to UCC 3-501(b)(2)(i) and codified by New Jersey Statute 12A:3-501(b)(2) NELNET was required to exhibit the instrument.

5. NELNET has failed to adequately support the existence of its claim, and pursuant to 3007(d)(6), Debtor is unable to determine the validity of the claim due to non-compliance with the applicable rules.

6. Debtor avers that pursuant to FRBP 3001 (c)(2)(D)(i), NELNET must be denied the opportunity to introduce additional information in this matter because NELNET is a professional debt collector, and its failure to produce the required documentation to substantiate the alleged debt and its authority to make creditor claims was neither harmless or substantially justifiable.[1]

WHEREFORE, Debtor requests adjournment of scheduled confirmation hearing so that objections may be appropriately addressed through hearing and/or adversarial Complaint.

Dated: 7/9/2019

Ato H. Sparkman
*"Debtor – Pro Per"*

---

[1] In Re Kirkland, 572 F.3d 838, 840-841 (10th Cir. 2009)